Samuel Quinn Pittman, pro se
Theresa Rose Pittman, pro se
1930 West Decatur Street
Mesa, Arizona 85201
480 861 8032
samuelqpittman@gmail.com



# UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA

# PHOENIX DIVISION

| | |
|---|---|
| Samuel Quinn Pittman and Theresa Rose Pittman, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Debra Thomas, a single woman, and John Doe, a single man,<br><br>Defendants | Case No.: 2:14-cv-00566-SRB<br><br>**FIRST AMENDED COMPLAINT** |

## PARTIES, JURISDICTION AND VENUE

1. Samuel Quinn Pittman and Theresa Rose Pittman are a married couple who resided in Mesa, Arizona during time the events alleged in this complaint occurred.

2. Upon information and belief, Debra Thomas is a single woman who resided in Baltimore, Maryland during the time the events alleged in this complaint occurred.

3. The true names and capacity, of Defendant John Doe, is unknown to Plaintiffs, who therefore sue said Defendant by such fictitious name. The Plaintiffs are informed, believe and thereupon allege that the Defendant designated herein as John Doe, is the father of Deandre Devante Romell Byrd. Upon information and belief, Defendant John Doe is a resident of the state of California

4. Upon information and belief, substantially all of the events alleged in this complaint occurred in Scottsdale, Arizona.

5. The amount at controversy in this complaint exceeds $75,000.

6. Pursuant to 28 U.S.C. § 1332 (a) (1) this court has jurisdiction over this matter.

7. Pursuant to 28 U.S.C. § 1391 (b) (2) venue is proper.

## FACTUAL ALLEGATIONS

8. Plaintiffs re-allege paragraphs 1 through 7 and incorporate them herein by this reference

9. On or about March 25, 2012, the minor son of defendants Deborah Thomas and John Doe, Deandre Devante Romell Byrd (hereafter referred to as "Byrd"), without provocation, attacked plaintiff Samuel Quinn Pittman (hereafter referred to as "Pittman"). Pittman was struck from behind and knocked unconscious by Byrd, who continued to beat Pittman's unconscious body for several minutes.

10. As a result of this attack, Pittman suffered numerous injuries including, facial fractures, concussion, multiple lacerations and bruising, deep vein thrombosis, and bi-lateral pulmonary emboli.

11. As a result of this attack, Pittman was medically unable to work for over nine months, and as a result lost his full time job.

12. As a result of this attack, Pittman continues to suffer from post-concussion syndrome, post-traumatic stress disorder, anxiety, and vestibular vertigo.

13. Upon information and belief, Byrd was under the influence of dangerous drugs and unable to control his actions at the time of the attack.

14. Upon information and belief, sometime in 2011, defendant Debra Thomas sent Byrd to Arizona from their home in Maryland to live in Scottsdale, Arizona where he was to be near and under the influence of his father, John Doe.

15. Upon information and belief, sometime in 2011, after he moved to Arizona, Byrd became a habitual user of dangerous drugs.

16. Upon information and belief, at all times prior to Byrd attacking Pittman, Byrd was dependent upon his parents for financial support.

17. Upon information and belief, on or about January 27, 2012, Byrd perpetrated a similar attack on an individual at the high school Byrd and the victim both attended.

18. Subsequent to the attack committed by Byrd in January, 2012, Defendant Debra Thomas failed to take necessary steps to prevent Byrd from partaking of dangerous drugs and committing further crimes.

19. Subsequent to the attack committed by Byrd in January, 2012, Defendant John Doe failed to take necessary steps to prevent Byrd from partaking of dangerous drugs and committing further crimes.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE

20. Plaintiffs re-allege paragraphs 1 through 19 and incorporate them herein by this reference.

21. Parents have a duty to take steps to prevent their child from acting in a dangerous manner when the parents are aware of the child's proclivity for dangerous behavior.

22. At the time Byrd attacked Pittman, Defendant Debra Thomas was aware of Byrd's proclivity to take dangerous drugs and harm others.

23. Defendant Debra Thomas breached her duty by failing to take steps to prevent Byrd from taking dangerous drugs and harming Pittman.

24. Defendant Debra Thomas's breach of duty was the cause of Pittman's injuries.

25. Pittman suffered extensive damages as a result of these injuries.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE

26. Plaintiffs re-allege paragraphs 1 through 25 and incorporate them herein by this reference.

27. Parents have a duty to take steps to prevent their child from acting in a dangerous manner when the parents are aware of the child's proclivity for dangerous behavior.

28. At the time Byrd attacked Pittman, Defendant John Doe was aware of Byrd's proclivity to take dangerous drugs and harm others.

29. Defendant John Doe breached his duty by failing to take steps to prevent Byrd from taking dangerous drugs and harming Pittman.

30. Defendant John Doe's breach of duty was the cause of Pittman's injuries.

31. Pittman suffered extensive damages as a result of these injuries.

**WHEREFORE**, the Plaintiffs, expressly reserving their right to amend their Complaint at or before the time of the trial of the action herein to include all parties and items of damage not yet ascertained, demand judgment against the Defendants for each cause of action as follows:

A. For general damages in an amount in excess of $75,000 to be proven at trial;

B. For special damages in an amount in excess of $75,000 to be proven at trial;

C. For lost wages according to proof;

D. For interest at the legal rate;

E. For costs of suit; and

F. For such other and further relief as the Court may deem just and proper.

Dated this 24th of March, 2014.

_____
Samuel Pittman, Pro Se

_____
Theresa Rose Pittman, Pro Se